Richard S. Busch (SBN 319881)
E-Mail: rbusch@kingballow.com
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Century City, CA 90067
Telephone: (424) 253-1255
Facsimile: (888) 688-0482

Attorney for Plaintiff
BRENDAN GREAVES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN GREAVES,<br><br>Plaintiff,<br>vs.<br><br>DIANE WARREN; and REALSONGS,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

# JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the action arises under the original and exclusive jurisdiction of the federal court and 28 U.S.C. § 1338(a) as the controversy arises under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

2. This Court has personal jurisdiction over Defendants as discussed fully herein.

3. This Court has general personal jurisdiction over Diane Warren ("Warren") because she is a resident of the State of California.

4. This court has specific personal jurisdiction over Warren because this suit arises out of or relates to her contacts with the State of California. Specifically, Warren's compositions, including the Infringing Song (defined below), are published by her company Realsongs, which is headquartered in the State of California. Upon information and belief, Warren has entered into agreements with Realsongs to exploit her interest in the Infringing Song, including issuing licenses and collecting royalties from the Infringing Song's exploitation. Upon information and belief, Realsongs has specifically directed its actions on behalf of Ms. Warren in this Judicial District through the issuing of licenses and the collection of royalties. Upon information and belief, Realsongs acts as an agent for Warren in this Judicial District, and Warren retains authorization and/or approval rights with respect to the Infringing Song. Upon information and belief, Warren has exercised her authorization and/or approval rights with respect to specific exploitations of the Infringing Song in California.

5. Additionally, this Court has specific personal jurisdiction over Warren because (1) Warren offered for sale and sold the Infringing Song to California residents; (2) Warren benefited substantially from the sale of a considerable number of copies of the Infringing Song in California; (3) Warren advertised the Infringing Song to California residents and (4) Warren is signed to the Performing Rights Organization ASCAP, which, upon information and belief, directs its actions on Warren's behalf in this Judicial District,

and has licensed the Infringing Song, among others, for public performances in California.

6. This Court has general personal jurisdiction over Realsongs because it has continuous and systematic contacts within the State of California as to render the corporation essentially at home. Specifically, Realsongs maintains its principal place of business in the State of California located at 6363 Sunset Blvd, Hollywood, California 90028, where it employs California residents.

7. This Court has specific personal jurisdiction over Realsongs because its suit-related conduct creates a substantial connection with the State of California, which includes: (1) Upon information and belief, Realsongs has entered into agreements with California citizen Warren under which Realsongs exploits Warren's interest in the Infringing Song, including issuing licenses and collecting royalties from the Infringing Song's exploitation; (2) Upon information and belief, Realsongs knowingly and intentionally licensed the Infringing Song for distribution in California and to California companies; (3) Upon information and belief, Realsongs is responsible for coordinating, among other things, the marketing, promotion, and sale and license of the Infringing Song in the United States and the State of California; (4) Realsong's conduct causes injury to, and is directed at, Plaintiff and his intellectual property within the United States and the State of California; (5) Realsongs has benefitted substantially from the sale and exploitation of the Infringing Song to California residents; (6) Realsongs is, at a minimum, constructively aware of their continuous and substantial commercial interactions with California residents; (7) Realsongs actively participated in and/or authorized the unlawful manufacture of the Infringing Song in California.

## **VENUE**

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400 as at least one of the Defendants reside or may be found in this Judicial District and is subject to personal

jurisdiction.

## INTRODUCTION

9. This is an action for willful copyright infringement brought by plaintiff Brendan Greaves against Diane Warren and Realsongs (all Defendants are at times collectively referred to as "Defendants") for the copying of Plaintiff's song "Look Away" in the song "Look Away" (the "Infringing Song") and for the subsequent exploitation and distribution of the Infringing Song in violation of Plaintiff's rights. The facts tell the shocking story of note for note copying of a work created by a fourteen year old boy, which is so similar to the Infringing Song that it is obvious to the ordinary observer. Following notice and a failure to cure, Plaintiff brings this action to vindicate his rights for the deliberate taking of his work, to recover damages, and to ask, as the law provides, that Defendants be required to disgorge their profits attributable to their infringement.

## NATURE OF THIS ACTION
## THE PARTIES

10. Plaintiff Brendan Greaves ("Greaves"), an individual, is the owner of the musical composition "Look Away" which is under application for registration with the United States Copyright Office. Greaves is a resident of Castleford, West Yorkshire, England.

11. Defendant Diane Warren ("Warren"), an individual, is a writer of the Infringing Song. Warren is a resident of Los Angeles, California. Warren's compositions, including the Infringing Song, are published by her company Realsongs, which is headquartered in Los Angeles, California.

12. Defendant Realsongs is a California business with a principal place of business at 6363 Sunset Blvd, Hollywood, California 90028. Realsongs serves as the music publisher of the Infringing Song and is the owner of the copyright of the Infringing Song. Upon information and belief, Realsongs has exploited and distributed the Infringing Song. Upon information and belief, Realsongs is responsible for coordinating, among other things, the marketing, promotion, and sale and license of the Infringing Song in the

United States. Upon further information and belief, Realsongs entered into contracts which caused widespread exploitation of the Infringing Song in the United States, including licenses for exploitation in California.

## FACTUAL ALLEGATIONS

13. "Look Away" was written in January of 1987 by fourteen-year-old songwriter Brendan Greaves as part of the "National Schools Make Music Competition" sponsored by Record Tokens, a division of EMI, which has since been acquired by Sony/ATV. Greaves wrote "Look Away" while a student at the Rodillian School in Lofthouse, West Yorkshire, England.

14. Kim and Brian Askew were Mr. Greaves' music teachers at Rodillian School, and taught at the school from 1982 to 1995. The Askews recorded Mr. Greaves' composition "Look Away" for the National Schools Make Music Competition. Specifically, Kim Askew provided the vocal performance for the "Look Away" recording, and Brian Askew provided the background instruments recorded through a keyboard, as well as recording the submission. The Askews have since made statements recalling Mr. Greaves' creation of his song and verifying Mr. Greaves' assertions regarding his creation of the song.

15. Mr. Greaves' composition showed great promise, so much so that it was selected as a semi-finalist in the competition. In recognition of his skills, Mr. Greaves received a certificate awarding him for advancing to this stage of the competition. The certificate was signed by Mr. John Mew, an EMI employee and general manager of its Record Tokens division.

16. Upon information and belief, Ms. Warren began a professional relationship with EMI around the time Mr. Greaves submitted his song as part of the competition. As the sponsor of the competition, EMI had possession of the recording which embodied Mr. Greave's composition, as well as the written lyrics for his work. Upon information and belief, Ms. Warren was given access to these materials by EMI or its agents, and decided to incorporate substantial portions of Mr. Greaves' work into the Infringing Song. Ms.

5

Warren applied for a copyright for the Infringing Song with the United States Copyright Office in August of 1987, a mere eight months after Mr. Greaves submitted his composition to the competition. Such a timeline, combined with the substantial similarity between Look Away and the Infringing Song discussed more fully below, makes the possibility of mere coincidence or independent creation highly unlikely if not improbable.

17. In the years following the creation of the Infringing Song, Ms. Warren continued to build upon the success and reputation she gained, at least in part, from the infringement of Mr. Greaves' work. During this time, Ms. Warren created Realsongs, which holds the publishing interest in Ms. Warren's copyrights, and is registered as a claimant on the copyright registration for the Infringing Song.

## DISCOVERY OF THE INFRINGING SONG

18. Mr. Greaves resides in a quite village in the United Kingdom and was blissfully unaware of the existence of the Infringing Song until 2015 when he first heard the Defendants' recording and immediately recognized his own work. Mr. Greaves was shocked and distressed to learn that his musical creation had been exploited for years without his knowledge, consent, or appropriate remuneration. Rather, Defendants unceremoniously stole Mr. Greaves' song "Look Away" when he was a mere teenager. At no point did Mr. Greaves grant any Defendants a license for use of "Look Away" in the Infringing Song, whether express or implied. In fact, as previously stated, he was completely unaware of the Infringing Song's existence.

19. Upon discovery of Defendants' infringement, Mr. Greaves decided to consult legal counsel to determine the best way to protect his interests. While asserting his rights, Mr. Greaves made numerous public statements regarding the taking of his musical composition, including videos and social media posts. Many of these public statements were made in conjunction with statements that Mr. Greaves' song "Look Away" was created in January 1987, well in advance of Defendant Warren's copyright filing with the United States Copyright Office.

20. One such public statement was a YouTube video where Mr. Greaves pointed

out the similarities between his song and the Infringing Song, and detailed the facts surrounding the creation of his song. When it came to Diane Warren's attention that Mr. Greaves had discovered her infringement, her company, Realsongs, issued a video take-down notice under the Digital Millennium Copyright Act ("DMCA").

21. Despite continually being disregarded by Ms. Warren and those affiliated with her, Mr. Greaves has only ever expressed a desire to seek an amicable resolution to this matter and simply receive credit for his creation. However, his efforts have been met with disdain at every turn because of Ms. Warren's expressed position that her reputation as a champion for women in the music industry would be damaged if she were to admit to taking creative expressions from a man, even if that man were only fourteen years old.

## INFRINGEMENT BY DEFENDANTS

22. As discussed above, this action for willful copyright infringement arises from Defendants' infringement of Plaintiff's copyright in the Infringing Song.

23. Upon information and belief, the Infringing Song has been licensed by the Defendants to California companies for distribution, and sold within the United States, including California and to California residents, in both digital download and physical form. The Infringing Song reached Number 1 on the Billboard Hot 100 chart. The Infringing Song has been licensed, distributed, and exploited within the three years preceding the filing of this action. The infringement is therefore ongoing.

24. Plaintiff's Song has been exploited by the public performance of the Infringing Song.

25. On information and belief, Defendants' have profited to the tune of millions of dollars from the Infringing Song.

## THE SUBSTANTIAL SIMILARITES BETWEEN "LOOK AWAY" AND THE INFRINGING SONG

26. As evidenced in the musical transcriptions and analysis below, "Look Away" and the Infringing Song are substantially similar due to long passages of identical and similar material combining several significant compositional elements. These similarities

are found in the verse/chorus sections of "Look Away" and in the chorus sections of the Infringing Song, including the hooks of both songs. The extensive similarity found in the two works' combinations of shared lyrics, phrase structures, rhythms, metric placement, and harmonies result in significantly similar compositions.

27. The main vocal material in the similar sections is substantially similar regarding lyrics, phrase structure, rhythms and metric placement, and in the combination of these four elements. There are additional significant similarities regarding melodic contours and scale degrees as evidenced by the following comparison of the lyrics:

| | "Look Away" (Greaves) | "Look Away" (Warren) |
|---|---|---|
| Phrase 1: | *If you see me walking by* | *But if you see me walking by* |
| Phrase 2: | *with a tear in my eye* | *And the tears are in my eyes* |
| Phrase 3: | *Look away, Baby, look away* | *Look away, Baby, look away* |
| Phrase 4: | *If you see me walking by* | *And if we meet on the street some day* |
| Phrase 5: | *with a tear in my eye* | *And I don't know what to say* |
| Phrase 6: | *Look away, Baby, look away* | *Look away, Baby, look away* |

28. Both Mr. Greaves' song and the Infringing Song's choruses begin with two successive iterations of a 3-phrase passage, each time ending with the same hook lyrics for the third phrase (i.e. Phrases 3 and 6): "Look away, Baby, look away." The rhythms and metric placement between both songs are substantially similar, within the shared 3-phrase structure in both songs as evidenced by the following tables:

| Song | "Look Away" (Greaves) | "Look Away" (Warren) |
|---|---|---|
| Lyrics | *If you see me walking by* | *But if you see me walking by* |
| Rhythmic Values | 6 eighths, 1 dotted quarter | 7 eighths, 1 quarter |
| Shared Metric Placement | "If" on Beat 4, "see" on Beat 1, ends with "by" on Beat 3 | "if" on Beat 4, "see" on Beat 1, ends with "by" on Beat 3 |

| Song | "Look Away" (Greaves) | "Look Away" (Warren) |
|---|---|---|
| Lyrics | *with a tear in my eye* | *And the tears are in my eyes* |
| Rhythmic Values | 2 sixteenths, 1 quarter, 2 eighths, 1 quarter | 2 sixteenths, 2 eighths, 2 eighths, 1 quarter |
| Shared Metric Placement | Begins on second half of Beat 4, "tear" on Beat 1, ends with "eye" on Beat 3 | Begins on second half of Beat 4, "tears" on Beat 1, ends with "eyes" on Beat 3 |

| Song | "Look Away" (Greaves) | "Look Away" (Warren) |
|---|---|---|
| Lyrics | *Look away, Baby, look away* | *Look away, Baby, look away* |
| Shared Rhythmic Values | Begins with 2 sixteenths, "-way" is longer note | Begins with 2 sixteenths, "-way" is longer note |
| Shared Metric Placement | Begins on second half of Beat 4, "-way" on Beat 1, ending in Beat 2 | Begins on second half of Beat 4, "-way" on Beat 1, ending in Beat 2 |

29. The melodic contours are significantly similar in the opening phrase of the chorus sections of both songs. This is combined with the identical and similar lyrics and rhythms (described above). In both songs, the lyrics "if you see me walking by" are sung to a melody containing three notes ascending stepwise, repeats of the third note, and an ascension to the final note. Here, 6 out of 7 notes have nearly the same melodic contour, as shown graphically below:

| "Look Away" (Greaves) Melodic Contour | "Look Away" (Warren) Melodic Contour | Shared Melodic Range |
|---|---|---|
| "if you see me walk-ing by" | "if you see me walk-ing by" | Lowest to highest pitch is a 4th interval in both[5] |

30. The hooks contain similar scale degrees for their identical lyrics "Baby, look away": 4-4-3-4-2 (Greaves) and 4-3-2-1-2-2 (Warren). In the example just shown, the

identical scale degrees are underlined and in bold. The metrical placement here is also similar (as shown in the Table 3 above), as well as the structural location and function.

31. The harmonies accompanying the similar passages are similar and contain many identical pitches, as shown below (identical pitches are in bold and underlined):

    a. "Look Away" (Greaves), chord names: C-Am-Dm7-G-repeat

       The pitches for the above chords are:

       C/E/G – A/C/E – D/F/A/C – G/B/D

    b. "Look Away" (Warren), chord names: C-Fsus2-C-F-Gsus-G-repeat

       The pitches for the above chords are:

       **C/E/G** – F/G-**A/C** – C/E/G – **F/A/C** – G/C/D – **G/B/D**

32. The similar material discussed above is highly significant to "Look Away" (Greaves), found in 26 out of the song's 42 bars. It forms the identity of the song, functioning both as a chorus and a verse, and includes the hook of the song.

33. Thus, "Look Away" and the Infringing Song are substantially similar in their hooks and respective verse/chorus and chorus sections. The similarity is a result of a shared combination of significant compositional features, extending beyond the realm of coincidence.

## CONTINUED EXPLOITATION OF "LOOK AWAY" BY THE INFRINGING SONG

34. The Infringing Song continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on compact discs and albums, and as digital downloads, ringtones and mastertones, and in all music videos, all without payment to Plaintiff.

35. The Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for damages available under the Copyright Act. Defendants are involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the Infringing Song, embodied in all forms of media, including videos, digital downloads, records, motion pictures and

advertisements, all of which constitute, among other things, the improper preparation of a derivative work and direct, vicarious, and contributory infringement. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

# FIRST CAUSE OF ACTION

## DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT OF "LOOK AWAY" BY THE INFRINGING SONG

36. Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

37. Plaintiff is the owner of the United States copyright in all rights, titles, and interests in the musical composition "Look Away." Application Case Number 1-6308075301 for registration of the musical composition "Look Away" has been filed with the United States Copyright Office.

38. Defendants had access to Mr. Greaves' song "Look Away" (as discussed above). Furthermore, Mr. Greaves' song "Look Away" and the Infringing Song are substantially similar to such an extent that Defendants almost certainly could not have created the Infringing Song without copying original elements from Mr. Greaves' song.

39. Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work, "Look Away," infringes Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

40. Defendants did not seek or receive permission to copy or interpolate any portion of "Look Away" into the Infringing Song.

41. Defendants' conduct has at all times been knowing, willful, and with complete disregard to Plaintiff's rights.

42. As a proximate cause of Defendants' wrongful conduct, Plaintiff has been irreparably harmed.

43. The Infringing Song copies quantitatively and qualitatively distinct, important, and recognizable portions of "Look Away." This copying satisfies both the

intrinsic and extrinsic tests to establish copyright infringement.

44.     From the date of the creation of the Infringing Song, all Defendants have infringed Plaintiff's copyright interest in "Look Away" including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing the Infringing Song at radio, live concerts, personal appearances, and on video, television, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing the Infringing Song through various sources; (c) by substantially copying and the related marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Look Away" in and as part of the Infringing Song, packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise.

45.     Plaintiff has received no copyright ownership interest in, or revenues for the exploitation of, the Infringing Song or any of the works associated with the Infringing Song.

46.     Defendants have reproduced and/or distributed or authorized the reproduction and distribution, and continue to authorize the manufacture, reproduction and distribution of a large numbers of copies of the Infringing Song, which violates Plaintiff's copyrights and are at issue in this lawsuit. Defendants have not only marketed and exploited the Infringing Song, but have granted or caused to be granted to various parties, licenses to reproduce, sample and/or distribute the song that is in violation of Plaintiff's copyright.

47.     With knowledge of the infringement, Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

48. Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

49. The infringement is continuing as the Infringing Song continues to be sold and licensed for sale, downloads, ringtones, mastertones, and other exploitations by Defendants, or their agents.

50. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered actual damages including lost profits, lost opportunities, loss of goodwill, and lost publicity.

51. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to damages, including the substantial profits of Defendants, as will be proven at trial, which, upon information and belief, are believed to exceed $20 million.

52. Plaintiff is entitled to Defendants' profits relating to foreign sales of copies of the Infringing Song that were manufactured, distributed, or otherwise infringed domestically.

53. In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to the maximum amount of statutory damages for each act of willful copyright infringement.

54. Plaintiff is further entitled to a running royalty on all future exploitations of the Infringing Song.

55. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

56. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of the Infringing Song, including a continuing royalty following judgment in an amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and for the following relief:

A.   A declaration that Defendants have willfully infringed Plaintiff's copyrighted works in violation of the Copyright Act;

B.   A declaration that Defendants are directly, vicariously and/or contributorily liable for copyright infringement, as applicable;

C.   A permanent injunction requiring Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiff's rights protected by the Copyright Act;

D.   If the Court determines a permanent injunction is not the appropriate remedy for the continued infringement of Plaintiff's rights under the Copyright Act, then pursuant to precedent, Plaintiff should be compensated by a running royalty paid on all exploitations of "Look Away" commencing from the date of judgment and for all amounts not taken into consideration in the judgment;

E.   An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the profits of Defendants as will be proven at trial, which, on information and belief, are believed to exceed $20 million, including a finding that Defendants are "practical partners" of each other and jointly and severally liable for the profits of each other, or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c) for each act of willful infringement;

F.   An award of attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and under other applicable law;

G.   For pre-judgment and post-judgment interest according to law, as applicable; and

H.     For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiff respectfully demands a trial by jury.

Dated: 06/05/2018

By: /s/ Richard S. Busch
Richard S. Busch (SBN 319881)
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Century City, California 90067
Telephone: (424) 253-1255
Facsimile: (888) 688-0482
rbusch@kingballow.com

*Attorney for Plaintiff*